IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AVERY HATTEN**                                                                **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.:** 2:23-cv-168-KS-MTP

**LAUREL SCHOOL DISTRICT**                                **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Avery Hatten, by and through counsel, Watson & Norris, PLLC, brings this action to recover damages for violations of his rights pursuant to the Family and Medical Leave Act of 1993, as amended (FMLA), for FMLA retaliation and interference, against the Defendant, Laurel School District. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Avery Hatten, is an adult male resident of Jones County, Mississippi. Plaintiff is an eligible employee as currently defined by the FMLA.

2. Defendant, Laurel School District, may be served with process by serving the Superintendent, Dr. Toy L. Watts, at 303 W. 8th Street, Laurel, Mississippi 39441.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction for actions that arise under the FMLA.

4. This Court has jurisdiction over the parties and venue is proper in this Court.

**STATEMENT OF FACTS**

6. Plaintiff is a 41-year-old male resident of Jones County, Mississippi.

7. Plaintiff was hired prior to the fall of 2016 as a Nutrition worker and

Custodian/Maintenance worker at the Laurel School District (LSD).

8. Defendant is an employer under the Family Medical Leave Act.

9. Around 2019-20, Plaintiff was promoted to being a Career and Technical Education (CTE) Teacher.

10. In early August 2023, Plaintiff was struggling with increasingly severe anxiety and depressive symptoms.

11. On August 7, 2023, Plaintiff was medically evaluated by Nurse Practitioner Josh Wansley at the Jones Family Medicine Clinic (JFMC) office in Laurel.

12. At that time, Plaintiff was treated for anxiety and depressive symptoms and Mr. Wansley took Plaintiff off work until August 14, 2023.

13. Plaintiff submitted a medical excuse note to his direct supervisor, CTE Director Trisha Pittman, from Mr. Wansley, to excuse the time off.

14. Plaintiff then returned to work on August 14, 2023.

15. On the morning of August 23, 2023, Plaintiff was at work and was managing several different difficult situations related to students and management of his classroom.

16. As the stress of various issues mounted, Plaintiff could feel his anxiety and panic symptoms escalating.

17. Dr. Pittman then pulled Plaintiff out of his classroom to address a situation with him.

18. During the interaction with Dr. Pittman, she (Dr. Pittman) made coercive statements to Plaintiff about the number of students in his classroom, and implied that if an adequate number of students was not maintained, it could cost Plaintiff his job.

19. Plaintiff contends that prior to the beginning of the school, he assisted in recruiting 24 students for the CTE program.

20. Now, however, during the first term, his role was to teach the students in his classroom.

21. If school counselors were dropping students from his classroom roster, that was beyond his control.

22. Plaintiff concedes that his anxiety was mounting, and he stated, "These numbers are not my problem; this is a Laurel School District problem."

23. By this, he meant that he was there to teach but it was not his role to recruit students to the CTE program.

24. At that point, since his anxiety and panic symptoms were escalating, Plaintiff felt he needed to get away to avoid saying or doing anything inappropriate.

25. Plaintiff stated, "I don't need this!", referring to the anxiety and panic that the situation was causing.

26. Plaintiff concedes that in the turmoil of his anxiety, he did not ask for permission to leave, but he left the office and immediately went to the JFMC office, to seek medical treatment.

27. From the JFMC office, at 11:09 a.m., Plaintiff emailed Head Principal Eric Boone and wrote, "Need to speak with you about my health".

28. At 11:48 a.m., Mr. Boone responded to Plaintiff by email and wrote, "Dr. Pittman has made me aware that you quit and left work today. Please submit a letter of resignation."

29. Three minutes later, at 11:51 a.m., while still at the JFMC office, Plaintiff responded to Mr. Boone by email, and wrote, "No I didn't I was sick before I came in…I left and went to doctor office".

30. Thirteen minutes later, at 12:04 p.m., Plaintiff again emailed Mr. Boone.

31. The subject heading was "FLMA" and he wrote, "I'm requesting FLMA paperwork – Avery R Hatten Sr".

32. Obviously, he meant that he wanted to apply for FMLA leave (Family Medical Leave).

33. After that, Plaintiff received the FMLA documentation from LSD and gave it to Mr. Wansley to complete.

34. On August 24, 2023, Plaintiff received a letter from Superintendent Toy Watts.

35. Dr. Watts' letter alleged that "On August 23, 2023, during a conversation with your supervisor [Dr. Pittman], you slammed your radio down on the supervisor's desk while yelling, "These numbers are not a me problem, that is a Laurel School District problem. I don't need this job, I can find a job somewhere else. Following those statements, you walked out of the supervisor's office and gave your keys, computer, and iPad to the secretary and proceeded to clock out, leaving campus without permission."

36. Plaintiff contends that he did not slam his radio down; rather, he placed it on Dr. Pittman's desk.

37. Plaintiff then stated (as noted above), "These numbers are not my problem; this is a Laurel School District problem."

38. Plaintiff was asserting that the number of students remaining in or leaving the CTE program was not an issue that he, in his capacity as a teacher, could control.

39. Regarding Dr. Watts' allegation that Plaintiff then stated, "I don't need this job, I can find a job somewhere else", Plaintiff contends this is false.

40. Plaintiff stated, "I don't need this" and was referring to the stress and anxiety that the situation, along with various other situations at the school and in Plaintiff's personal

4

life, was causing for him.

41. Plaintiff contends he never said anything about resigning and he had no intention of doing so.

42. This is corroborated by the email correspondence that took place between Plaintiff and Mr. Boone that took place during the next few hours after the incident, i.e., still on August 23, 2023.

43. As noted above, Plaintiff emailed Mr. Boone about his health condition and expressed his desire to apply for and take FMLA leave.

44. On August 29, 2023, the JFMC office faxed completed FMLA documentation for Plaintiff to the LSD central office.

45. In that documentation, it was requested that Plaintiff be allowed to take leave beginning on August 23, 2023.

## CAUSES OF ACTION
## COUNT I:  VIOLATION OF THE FMLA - INTERFERENCE

46. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 45 above as if fully incorporated herein.

47. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA.

48. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

49. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA.  As a result of this conduct, liquidated damages should be assessed against Defendant.

50. Plaintiff also seeks all other relief, at law or in equity, to which he may show herself justly entitled.

## COUNT II:  VIOLATION OF THE FMLA - RETALIATION

51. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 50 above as if fully incorporated herein.

52. It is unlawful for any employer to discharge or discriminate against any individual for requesting any practice made unlawful by the FMLA.

53. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

54. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff.  As a result of this conduct, liquidated damages should be assessed against Defendant.

55. Plaintiff also seeks all other relief, at law or in equity, to which he may show herself justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Compensatory damages;
5. Liquidated damages;
6. A tax gross-up and all make whole relief;
7. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA; and

8. Such further relief as is deemed just and proper.

THIS the 3rd day of November 2023.

                                                  Respectfully submitted,

                                                  AVERY HATTEN, PLAINTIFF

                                        By: /s Louis H. Watson, Jr.
                                             LOUIS H. WATSON, JR.  (MB# 9053)
                                             NICK NORRIS (MB# 101574)
                                             Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com